[Cite as *Three Wide Entertainment v. Athens Bd. of Zoning Appeals*, 194 Ohio App.3d 1, 2011-Ohio-2304.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

THREE WIDE
ENTERTAINMENT et al.,     :

 :

 :

    Appellees,     :   Case No. 10CA33

 :

   v.     :

 :   **Released: May 10, 2011**

CITY OF ATHENS BOARD    :
OF ZONING APPEALS,    :   <u>DECISION AND JUDGMENT</u>
 :   <u>ENTRY</u>

    Appellant.     :

_____

<u>APPEARANCES:</u>

Carlile, Patchen & Murphy, L.L.P., and Scott R. Mergenthaler, for appellees.

Patrick J. Lang, Athens Director of Law, for appellant.

_____

Per Curiam.

**{¶1}** Appellant, the City of Athens Board of Zoning Appeals, appeals the decision of the Athens County Court of Common Pleas. The board denied zoning permits of appellees, Three Wide Entertainment and Christopher Stotts, to establish an adult-entertainment business on property

located in Athens's general-business zone.  Concluding that the board had applied the wrong legal standard, the Court of Common Pleas vacated the board's decision denying the permits.  After reviewing the record below, we cannot say that the court abused its discretion in finding that the board had exceeded its authority.  Therefore, we overrule the board's sole assignment of error and affirm the decision below.

## I. Facts

{¶2} In December 2007, Three Wide submitted a zoning-permit application for a property located at 9, 11, and 13 Stimson Avenue, Athens, Ohio.  The application listed the proposed use as "Private Club/Assembly Hall" and listed the description of the business as "dancing and entertainment without sale of alcohol."   Steven Pierson, the Zoning Administrator for the city of Athens, referred the application to the City of Athens Board of Zoning Appeals.

{¶3} On March 11, 2008, the board held a hearing to determine whether to grant Three Wide's application.  At the hearing, the board stated that its function was to determine whether the proposed use requested in the application was a principally permitted use and, if so, how many parking spaces the business required.  After the presentation of live testimony and written correspondence, the board discussed the permit application and

Three Wide's proposed business in detail. At the conclusion of the hearing, it denied the application by a 5-0 vote.

{¶4} On May 13, 2008, Three Wide submitted three additional permit applications. Each permit proposed a different use: the first as "entertainment," the second as a "nightclub," and the third as a "theater." Each of the three applications listed the business description as "operation of a sexually oriented business and/or adult cabaret and/or adult theatre with sexually oriented activity for patrons over the age of 18, without sale or service of alcohol * * *." On March 25, 2008, Zoning Administrator Pierson sent Three Wide a notice of refusal for each application. Pierson's refusal was based on the resolution adopted by the board denying the first permit application. On May 13, 2008, the board held another hearing to review Pierson's decision. Once again, there was public comment and extensive discussion of the issue. At the conclusion of the hearing, the board again denied Three Wide's permit applications.

{¶5} Following the board's decision, Three Wide filed a notice of appeal, pursuant to R.C. 2506, with the Athens County Court of Common Pleas. On appeal, the court subsequently determined that the board had applied the wrong legal standard in denying Three Wide's permit applications. The court vacated the board's decision, but stated that its

judgment was not a judgment of reversal.  Therefore, it did not require that the board approve Three Wide's permits, nor did it remand the matter with particular instructions.  Instead, its judgment simply returned the parties "to the starting point."  The board now appeals that decision.

## II. Assignment of Error

> The common pleas court erred in ruling that the City Board of Zoning Appeals applied the wrong legal standards when the court recognized that the transcripts also contained material indicating the board may have understood its role and the applicable legal standards.

## III. Standard of Review

{¶6} The current matter involves an administrative appeal under R.C. Chapter 2506, which delineates the roles of common pleas and appellate courts:

{¶7} "If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.  Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.

The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2506.04.

{¶8} In determining whether the administrative order is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence," the common pleas court must consider the entire record, including additional evidence admitted under R.C. 2506.03. *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433.

{¶9} As contrasted with reviews by common pleas courts, reviews by appellate courts under R.C. 2506.04 are "more limited in scope." Id., quoting *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Henley* at 147, quoting *Kisil* at 34, fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have

arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Henley* at 147, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264.

{¶10} Accordingly, "the role of an appellate court in a[n] R.C. 2506.01 appeal is limited to reviewing questions of law, which the court reviews de novo, and to determining whether the trial court abused its discretion in applying the law." *Fahl v. Athens*, 4th Dist. No. 06CA23, 2007-Ohio-4925, at ¶13, citing *Kisil* at 34, fn. 4, and *Lawson v. Foster* (1992), 76 Ohio App.3d 784, 603 N.E.2d 370. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181.

{¶11} Thus, in the case sub judice, our scope of review is very narrow. Here, the common pleas court concluded that the board used the wrong legal standard in denying Three Wide's permit applications. Therefore, we focus on whether the court applied the correct legal standard and whether it abused its discretion in applying that standard.

IV. Legal Analysis

{¶12} Our analysis first requires an overview of the pertinent sections of the Athens City Code ("A.C.C.") as it existed prior to April 7, 2008.[1] The City of Athens Zoning Code is contained in Title 23 of the A.C.C. Within that title, Chapter 23.06 creates the office of zoning administrator and establishes the office's duties. Among those duties is determining whether a proposed use of property is a principal permitted use, as specifically described in A.C.C. Chapter 23.04, or whether a proposed use is of the same general character as a principal permitted use.

{¶13} Under A.C.C. 23.07.03(A), property owners are allowed to appeal decisions of the zoning administrator to the board: "Administrative review: The BZA shall have the power to hear and decide appeals, filed as hereinafter provided, where it is alleged by the appellant that there is error in any order, requirement, decision, determination, grant or refusal made by the zoning inspector or other administrative official in the enforcement and interpretation of the provisions of the zoning code." A.C.C. 23.07.03(A). The powers of the board are limited by A.C.C. 23.07.04: "The BZA may

---

[1] On April 7, 2008, the city of Athens amended its zoning code to include the regulation of sexually oriented businesses. Because those amendment pre-date Three Wide's permit applications, they do not govern the current appeal.

exercise only those powers expressly and specifically granted to it by the city council in accordance with the Ohio Revised Code."

{¶14} The property of Three Wide at issue is located in a B-3 Zone. The B-3 Zone is the least restrictive zone except for the industrial zone. The principal permitted uses of B-3 Zones are listed in A.C.C. 23.04.07. That section specifies a number of permitted uses, but the first paragraph of the section also allows as a principal permitted use "[a]ny use permitted and as regulated in the B-2D Zones * * *." In turn, the principal permitted uses of B-2D Zones include: "Entertainment — Night clubs, theaters, billiard parlors, pool halls, bowling alleys, and similar enterprises shall be at least 100 feet from any R-Zone." A.C.C. 23.04.06(A).

{¶15} Finally, A.C.C. 23.04.07(A)(12) is also relevant to our analysis. That section states that permitted uses of B-3 Zones also include: "Other uses — Any other use which is determined by the BZA to be of the same general character as the above permitted uses * * *." Thus, under the Athens City Code, the board's review was limited to determining whether the proposed use was either one listed under A.C.C. 23.04.07(A), whether it qualified as "entertainment" under A.C.C. 23.04.06, or whether it was of the same general character of the uses listed in those sections.

{¶16} The board held hearings on Three Wide's various permit applications on two different dates, March 11 and May 13, 2008. At both hearings, it determined that Three Wide's proposed business did not qualify as a B-3 Zone principal permitted use as specified in the A.C.C. The board also determined that the proposed business was not of the same general character as the specified principal permitted uses.

{¶17} In vacating the board's decision, the common pleas court did not determine whether or not Three Wide's proposed business fit within the A.C.C.'s definition of a principal permitted use of a B-3 Zone. Rather, after reviewing the transcripts of the two hearings, the court simply determined that the board did not employ the proper legal standards in denying the permit applications.

{¶18} The court noted that the transcripts cast doubt on whether members of the board fully understood their roles. The court then listed a number of instances in which various board members seemed to apply inapplicable standards, standards outside the scope of their review. Specific examples included: (1) more than one board member expressed surprise and confusion that the board's duties encompassed more than handling variances, (2) a member repeatedly referred to the "immorality" of Three Wide's proposed use and seemed to use that as a factor, (3) a member

wrongly expressed the scope of the board's review as determining whether Three Wide's business would be similar to "what's currently in this * * * neighborhood," (4) a member stated that it was the board's job to determine "what is appropriate for the community," and (5) members referred to and applied standards relating to the granting of variances.

{¶19} As the common pleas court stated in its decision, the standards and criteria listed above are not relevant in determining whether a proposed use qualifies as a principal permitted use under the Athens City Zoning Code.  The proper scope of the board's review under these circumstances is limited to determining whether Three Wide's proposed use of the property qualified as a principal permitted use, as specified in the zoning code, or qualified as "the same general character" as those specified uses.  Instead of limiting itself to this standard, the board relied on extraneous considerations. Instead of focusing only on what uses were *allowed* by the code, the board indicated that its decision was based largely on what kind of businesses were already in the area.  The board was equally mistaken to the extent that its decision was based on whether the proposed use was appropriate for the community.  As the common pleas court noted, "these were concerns that should have been (and were, as of the 4-7-08 Code amendments) properly addressed by legislative action of City Council * * *."

{¶20} The court noted that in addition to the inappropriate factors discussed and applied by the board, the transcripts also contained some evidence that members of the board did understand their role. We agree with that finding. For example, one member stated that the morality of the proposed use was not what they were determining and that the board's role was to "see if any of those definitions that are in the Code can be made to apply to the business application that is being presented here." However, we agree with the common pleas court that "the overwhelming sentiments expressed by board members and hearing participants were distaste for the contents of Appellants' proposed entertainment, and fear of Stimson Avenue becoming an area fostering vice and concomitant moral, physical, and economic harm to nearby families, traditional businesses, and the 'plan for the neighborhood.' "

{¶21} Further, under our narrow standard of review, we do not have the same authority as the common pleas court to weigh the evidence. Therefore, we cannot simply substitute our judgment for that of the court below. Our role is merely to decide whether the court below applied the correct legal standard and whether it abused its discretion in finding that the board applied the wrong legal standard. After a complete examination of the record, including the transcripts of the two hearings, we find that the court

applied the correct standard and we cannot say that the court's decision was unreasonable, arbitrary or unconscionable. Accordingly, we overrule the board's sole assignment of error and affirm the court's decision.

Judgment affirmed.

HARSHA, P.J., and ABELE and MCFARLAND, JJ., concur.

_____