[Cite as *Smith v. Nelsonville*, 2023-Ohio-2844.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

GREGORY SMITH,                     :

    Appellant-Appellee,            :      Case No. 22CA4

    v.                             :

CITY OF NELSONVILLE, OHIO,         :      <u>DECISION AND</u>
et al.,                            :      <u>JUDGMENT ENTRY</u>

    Appellees-Appellants.          :      **RELEASED 8/07/2023**
_____
<u>APPEARANCES:</u>

Patrick Kasson and Kent Husion, Reminger Co., L.P.A., Columbus, Ohio, for
Appellants.

Daniel H. Klos, Lancaster, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} The appellants in this matter consist of the City of Nelsonville as well

as Dan Sherman, Toni Dunfee, Elizabeth Jones, Justin Booth, Carla Grant, and

Cory Taylor, all members of the Nelsonville City Council. The appellee in this

matter is Gregory Smith, a former member of the Nelsonville City Council.

Appellants are appealing the judgment of the Athens County Court of Common

Pleas reversing the council's removal of Smith from his elected seat on the council.

On appeal, Appellants contend 1) that the trial court erroneously held that council

was required to request the county prosecutor to prosecute the removal proceedings

via an ordinance or resolution; 2) that even if it ran afoul of the charter, the council's appointment procedure constituted harmless error; 3) that even if the appointment procedure prejudiced him, Appellee waived his right to challenge the appointment; and 4) that while it did not expressly reverse the council's decision based upon the sufficiency of the evidence, the trial court abused its discretion in providing a cursory evaluation of the evidence below.

{¶2} However, because we find that council was required to contact the county prosecutor via ordinance or resolution, that such contact was a prerequisite to the appointment of special council, and that the failure of the council to act by resolution or ordinance did not constitute harmless error, but instead rendered Appellee's removal from council a nullity, Appellants' first and second assignments of error are overruled.  We likewise find no merit to Appellants' argument that Appellee waived his right to challenge the appointment of the special prosecutor and therefore, Appellants' third assignment is overruled. Finally, in light of our disposition of Appellants' first, second, and third assignments of error, their fourth assignment of error has been rendered moot and we need not address it.  Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶3} The current appeal stems from what the record reveals was the Nelsonville City Council's third attempt to remove Appellee from his elected seat

on the council.  The third removal attempt, which is central to the present appeal, appears to have been initiated on August 16, 2021.  Council member Cory Taylor issued a notice of probable cause for the removal of Appellee based upon his claim that Appellee had failed to maintain continuous residence in the city and that he instead resided in either Belpre, Ohio or Waterford, Ohio.

{¶4} In commencing the third removal attempt, it appears that the members of city council relied on a prior request made by the city manager to the county prosecutor, which was made as part of one of the previous removal attempts, asking that the county prosecutor prosecute the removal proceedings.  It also appears that upon receiving a request to prosecute either Appellee's first or second removal from the council, the county prosecutor indicated he was not interested in doing so.  There is some suggestion in the record that the city manager may have also requested the county prosecutor's assistance in the third removal attempt, but the facts surrounding that request are very limited.  In any event, the parties herein agree that any request that was made to the county prosecutor was done so by the city manager, not city council, and that no formal resolution or ordinance was passed authorizing that the county prosecutor be contacted.  Although there is no formal document evidencing the county prosecutor's refusal to prosecute the present matter, the record reveals that council appointed a special prosecutor to

prosecute Appellee's removal from city council. This appointment was accomplished through the passage of Resolution No. 2246 on August 23, 2021.

{¶5} An administrative hearing was held on September 2, 2021. Cory Taylor, the charging party, presented one witness, as did Appellee. At the conclusion of the hearing, council voted to remove Appellee from his elected seat on city council for failing to continuously be a resident of the city. The council then formally removed Appellee via Resolution No. 2247. Appellee thereafter filed a notice of appeal to the Athens County Court of Common Pleas, which ultimately reversed the administrative decision removing Appellee from his seat on the council. The trial court found that council's removal of Appellee was a nullity because the council was required by the Nelsonville City Charter to request the county prosecutor prosecute the removal action by either an ordinance or resolution, and that the failure to do so precluded the appointment of the special prosecutor and essentially rendered Appellee's removal from council a nullity.

{¶6} Appellants' have now appealed the judgment of the trial court to this Court, setting forth four assignments of error for our review.

ASSIGNMENTS OF ERROR

I.     THE TRIAL COURT ERRONEOUSLY HELD THAT COUNCIL WAS REQUIRED TO REQUEST THE [COUNTY PROSECUTOR] TO PROSECUTE THE REMOVAL PROCEEDINGS VIA AN ORDINANCE OR RESOLUTION.

II.    EVEN IF IT RAN AFOUL OF THE CHARTER, THE COUNCIL'S APPOINTMENT PROCEDURE CONSTITUTED HARMLESS ERROR.

III.   EVEN IF THE APPOINTMENT PROCEDURE PREJUDICED HIM, MR. SMITH WAIVED HIS RIGHT TO CHALLENGE THE APPOINTMENT.

IV.    WHILE IT DID NOT EXPRESSLY REVERSE THE COUNCIL'S DECISION BASED ON THE SUFFICIENCY OF THE EVIDENCE, THE TRIAL COURT ABUSED ITS DISCRETION IN PROVIDING A CURSORY EVALUATION OF THE EVIDENCE BELOW.

ASSIGNMENTS OF ERROR I & II

{¶7} For ease of analysis we address Appellants' first and second assignments of error in conjunction with one another.  In their first assignment of error, Appellants contend that the trial court erroneously held that council was required to request the county prosecutor to prosecute the removal proceedings via an ordinance or resolution.  More specifically, Appellants argue that the Nelsonville City Charter does not require council to pass an ordinance or resolution that requests the county prosecutor's participation in a member's removal proceeding and that because the passage of an ordinance or resolution was not required, the council properly appointed special counsel to try the removal proceedings.  Appellee counters by arguing that the Nelsonville City Charter provides that council may only act by ordinance or resolution and points out that Appellants admit they did not pass an ordinance or resolution that requested the

county prosecutor oversee Appellee's removal proceeding.  Appellee alternatively argues that if the Nelsonville City Charter is interpreted to permit "some formal action such as the removal of an elected Council member, it must comply with R.C. 121.22 and be adopted in an open meeting or it is otherwise invalid." Appellee further notes that "[t]he record is entirely devoid of any action meeting the mandates of R.C. 121.22 by Council to comply with the requirement of  NCC §11.08 to contact the [county prosecutor] by anyone at anytime for Mr. Smith's removal in this instant action."

{¶8} In their second assignment of error, Appellants contend that even if the appointment procedure for the special prosecutor "ran afoul" of the city charter, the appointment procedure that was used constituted harmless error.  Appellants further argue that the appointment procedure used in appointing the special prosecutor did not affect Appellee's substantive rights or interests and thus, Appellant can not and has not demonstrated prejudice.  Appellee counters by arguing that the procedure used by Appellants to remove him from council was in conflict with the city charter's directives and was therefore a nullity.  He further argues that there is no distinction between procedural versus substantive due process rights as applied to the removal of elected officials from office.

Standard of Review

{¶9} R.C. 2506.01 governs "[a]ppeal[s] from decisions of any agency of any political subdivision" and provides that every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the Court of Common Pleas. The decision made by the Nelsonville City Council to remove Appellee was first appealed to the Athens County Court of Common Pleas by Appellee, which resulted in a judgment in Appellee's favor. Appellants have now filed an administrative appeal to this Court pursuant to R.C. 2506.04, which provides that "[t]he judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶10} Administrative appeals at the municipal level are governed by R.C. Chapter 2506. *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). Under R.C. Chapter 2506, the court of common pleas may find that the order, adjudication or decision of the administrative agency is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Consistent with its findings, the court of common pleas may then "affirm, reverse, vacate, or modify the order, adjudication, or decision, or

remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." R.C. 2506.04. "[I]n weighing evidence, the court may not 'blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise.' " *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 13, quoting *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). Accordingly, the court of common pleas must affirm the agency's decision if it is supported by "a preponderance of reliable, probative, and substantial evidence." *Burchfield v. Jackson Twp. Bd. of Zoning Appeals*, 4th Dist. Pickaway No. 07CA11, 2008-Ohio-1228, ¶ 8.

{¶11} However, reviews by appellate courts under R.C. 2506.04 are more limited in scope than the court of common pleas. *Three Wide Entertainment v. Athens Bd. of Zoning Appeals*, 194 Ohio App.3d 1, 2011-Ohio-2304, 954 N.E.2d 191, ¶ 9 (4th Dist.). " 'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' " *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio

St.3d 142, 147, 735 N.E.2d 433 (2000), quoting *Kisil v. Sandusky*, 12 Ohio St.3d

30, 34, 465 N.E.2d 848, fn. 4 (1984).

> "It is incumbent on the trial court to examine the evidence.  Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial.  Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so."

*Henley* at 147, quoting *Lorain City School Dist. Bd. of Edn. v. State Emp.*

*Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988).

{¶12} The court of common pleas' ruling "may be appealed by any party on

questions of law."  R.C. 2506.04.  Thus, the standard of review we apply is more

limited in scope; appellate courts are limited in an R.C. 2506.01 appeal to

reviewing questions of law.  *Lorain City School Dist.* at 261.  *See also Burchfield*

at ¶ 9.  However, " '[w]ithin the ambit of "questions of law" for the appellate

review would be abuse of discretion by the common pleas court,' " in choosing or

applying the law.  *Henley* at 148, quoting *Kisil* at 34.  An abuse of discretion

constitutes more than an error of law or judgment; rather, it implies that the trial

court's attitude was unreasonable, arbitrary, or unconscionable.  *See, e.g., Landis v.*

*Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998); *Malone v.*

*Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 448, 659 N.E.2d 1242 (1996).

Legal Analysis

{¶13} As set forth in Appellants' brief, "[t]his dispute centers on the proper interpretation of the prosecutorial appointment procedure, as a prerequisite to a Member's removal proceeding * * *." In determining that Appellants failed to comply with the proper procedure for appointing a special prosecutor and, as a result, that Appellants also failed to comply with the Nelsonville City Charter in removing Appellee from his elected seat on the council, the trial court applied Nelsonville City Charter §4.09 and §11.08 in reference to one another. Appellants urge this Court to find that these two charter provisions were irreconcilable with one another and thus, could not be read and interpreted in pari materia.

{¶14} The trial court found and this Court agrees that the city charter provides that membership on city council is expressly restricted to those who are "qualified electors" who have been "continuously a resident" for one year prior to their election and who "continue to be a resident and qualified elector of the City throughout [their] term * * *." Nelsonville City Charter §4.02. All parties further agree that the charter permits council to remove a member for failing to possess or maintain those qualifications. Nelsonville City Charter §11.08 addresses the removal of officials and provides in section (A) that "[t]he Council members and members of boards of commissions shall be removed for cause" for various reasons set forth in the charter. At issue here is whether Appellee was

"continuously a resident" during the course of his term on council. Appellants did

not challenge that Appellee was a "qualified elector."

{¶15} Article XI of the city charter is entitled "General Provisions" and

contains §11.08, which is entitled "Removal of official." §11.08(F) states as

follows regarding the process for the removal of a member of city council:

> Council shall request the County Prosecutor or his designee to prosecute the removal proceedings before the Council and any reviews thereof by the Courts. If the County Prosecutor refuses to accept the responsibility, Council shall appoint a Special Prosecutor who shall prosecute the removal proceedings before the Council and any reviews thereof by the Courts. If a person accused is not finally removed, the City shall pay the reasonable costs of the defense of such persons and any compensation withheld pending the appeal of the action of the Council.

Article IV of the city charter is entitled "The Council" and contains §4.09, which is

entitled "Forms of action by Council." §4.09 states as follows:

> The action of Council shall be by ordinance or resolution. On all matters of a general or permanent nature, or granting a franchise, or levying a tax, or appropriating money, or contracting indebtedness, or issuing bonds or notes, or for the purchase, lease or transfer of property, action shall be taken formally, by ordinance, in the manner hereinafter provided. Action on all other matters of a temporary or informal nature may be taken by resolution.

{¶16} Appellants contend that despite §4.09's language stating "[t]he action

of Council shall be by ordinance or resolution[,]" §11.08 does not require the

passage of an ordinance or resolution to "request" the county prosecutor to

prosecute removal proceedings. In support of their argument, Appellants direct our

attention to the fact that several other sections of the city charter explicitly state that passage of an ordinance or resolution is necessary to accomplish certain acts, whereas §11.08(F) does not. Appellants argue that if §4.09 were interpreted to require the passage of an ordinance or resolution for essentially every action taken by council, these certain other provisions of the city charter that expressly require the passage of an ordinance or resolution would be rendered "superfluous."

{¶17} Appellants do not dispute that no ordinance or resolution was passed empowering the council to request the county prosecutor handle the removal proceedings prior to moving forward with the passage of a resolution appointing a special prosecutor to handle the matter. The trial court found this flaw in the removal of Appellee to a be a fatal one, resulting in the nullification of the removal. Because the trial court found the council's failure to pass either an ordinance or resolution formally requesting that the county prosecutor prosecute the removal to be a fatal flaw that nullified the action of council, it did not reach the merits of Appellee's additional argument below that the determination that he had failed to continuously be a resident was not supported by a preponderance of reliable, probative and substantial evidence. For the following reasons, we believe the trial court correctly disposed of the appeal based upon this question of law without the need for addressing the substantive question of whether the council's

stated grounds for removal were supported by the evidence introduced during the administrative hearing.

{¶18} In reaching its decision, the trial court relied on the reasoning set forth in *State ex rel. Gerhardt v. Krehbiel*, 38 Ohio St.2d 90, 310 N.E.2d 251 (1974).  In *Gerhardt*, the Supreme Court of Ohio held that "[w]here a municipal charter prescribes the manner for removal of municipal officers, any attempt by the municipality's legislative body to remove an officer in a manner at variance or in conflict with the charter's directives is a nullity." *Id.* at syllabus.  Here, the trial court found that although council was empowered to remove one of its own members for a designated cause, it had to do so in strict compliance with the city charter.  The trial court further found that because a prerequisite to the prosecution of such action by a special prosecutor was the passage of an ordinance or resolution requesting the county prosecutor to prosecute the removal, along with the denial thereof by the county prosecutor, and because there was no dispute that council failed to pass either an ordinance or resolution approving a request be made to the county prosecutor, the removal attempt was a nullity and therefore "illegal and unreasonable within the meaning of R.C. 2506.04."

{¶19} After reviewing the record, which includes the city charter as well as the administrative hearing transcript and related exhibits, we cannot conclude that the trial court abused its discretion in its application of the law to the facts of this

case. Not only do we find *Gerhardt* to be applicable and controlling, we are

mindful of a prior decision issued by this Court finding that where a village

ordinance required the passage of a resolution to accomplish a particular action, the

passage of such resolution was "the only manner in which the board may act."

*Village of New Holland v. Murphy*, 4th Dist. Pickaway No. 18CA6, 2019-Ohio-

2423, ¶ 17. In that case, we found the absence of a resolution, coupled with our

conclusion that the board could only act by resolution, to be central to the

disposition of the case. *Id.* at ¶ 15.

{¶20} Here, in reaching our decision, we reject Appellants' argument that

§§4.09 and 11.08 of the Nelsonville City Charter are irreconcilable. As set forth

above, §4.09 states as follows:

> *The action of Council shall be by ordinance or resolution. On all matters of a general or permanent nature*, or granting a franchise, or levying a tax, or appropriating money, or contracting indebtedness, or issuing bonds or notes, or for the purchase, lease or transfer of property, *action shall be taken formally, by ordinance, in the manner hereinafter provided. Action on all other matters of a temporary or informal nature may be taken by resolution.* (Emphasis added).

§4.09 obviously appears first, chronologically, in the city charter. It specifies that

the action of council "shall be by ordinance or resolution." For matters of a

general or permanent nature, action shall be taken by ordinance "in the manner

[thereafter] provided." Action on "all other matters of a temporary or informal

nature may be taken by resolution."

{¶21} §11.08 appears later in the charter, chronologically, falling under Chapter XI, entitled "General provisions." Reading §4.09 in pari materia with §11.08(F), we conclude the charter provides that the removal of an official is a "general" matter by definition in the charter. Thus, at the very least, such action requires the passage of a resolution, but likely requires the passage of an ordinance. Again, reading these two charter provisions in pari materia, action to remove a council member shall be taken by ordinance (or resolution as noted), "in the manner hereinafter provided," which here would be the manner set forth in §11.08. §11.08(F) states that before appointing a special prosecutor to handle a removal action, council first "shall request the County Prosecutor or his designee to prosecute the removal proceedings * * *." If, and only if, the county prosecutor refuses, may council proceed with the appointment of a special prosecutor. We conclude that the charter itself makes clear that council was required to request the county prosecutor's involvement by ordinance (or at the least, by resolution).

{¶22} We find no irreconcilable conflict between these two charter provisions. Instead, we find that §4.09 is a provision that overarches the rest of the charter and informs the reading of subsequent provisions, such as §11.08. We further reject Appellants' argument that interpreting the charter to require the passage of a resolution or ordinance to contact the prosecutor for a removal action renders superfluous other charter provisions that expressly require the passage of

an ordinance or resolution. The fact that certain other charter provisions expressly state that an ordinance or resolution is required, whereas §11.08(F) does not include that express requirement, does not remove §11.08(F) from the application of §4.09. To the extent the drafting of these other provisions of the charter may appear illogical in light of the mandate contained in §4.09, we note that the Supreme Court of Ohio has stated "that the feasibility or wisdom of charter provisions is 'not a matter for our consideration.' " *State ex rel. Cater v. Olmsted*, 69 Ohio St.3d 315, 324, 631 N.E.2d 1048 (1994), quoting *Fuldauer v. Cleveland*, 32 Ohio St.2d 114, 118, 290 N.E.2d 546 (1972) (noting the Court's prior reasoning that municipalities have the right in adopting charters "to make provisions that may be silly and unwise[,]" and that "the remedy is in the hands of the people who have adopted the charter").

{¶23} Here, because the record is clear that neither an ordinance or resolution was passed, council failed to strictly comply with the requirements of the charter in the removal of Appellee. Thus, because council failed to strictly comply with the process for removal of an elected official as set forth in the city charter, Appellee's removal from council was rendered a nullity. Accordingly, we find no merit to the arguments raised under Appellants' first assignment of error. Additionally, in light of the fact that we have not found that a resolution or

ordinance was unnecessary, we need not address Appellee's alternate argument in support of affirmance which alleges violations of the Sunshine Act.

{¶24} Appellants' further contend, however, under their second assignment of error, that even if the appointment procedure used to appoint the special prosecutor ran afoul of the city charter, any error was harmless because Appellee's substantive due process right were unaffected. In making this argument, Appellants contend that *Gerhardt* involved a denial of substantive due process, by virtue of the fact that a member was removed with fewer than the required number of votes, as opposed to the situation here, where Appellee was removed without strict adherence to the process for requesting the participation of the county prosecutor in the removal process before appointing a special prosecutor. Appellants describe any deficiencies from the required procedure in the present case to be merely procedural, trivial, or ministerial. As such, Appellants argue that *Gerhardt* is inapplicable to the present case.

{¶25} First, we note that *Gerhardt* involved the removal of a city manager as opposed to an elected official. *State ex rel. Gerhardt* at 91. Second, in *Gerhardt*, a resolution was actually passed removing the city manager from office. *Id.* The *Gerhardt* court determined that despite the fact that a resolution was passed for the removal, the resolution was in conflict with provisions of the charter specifying the number of votes required to effect removal. *Id.* at 93-94. In holding

that the removal of "an officer in a manner at variance or in conflict with the

charter's directives is a nullity[,]" the Court reasoned as follows:

> "If the members of a legislative body can ignore, with impunity,
> the mandates of a * * * city charter, than [sic] it is certain that the
> faith of the people in constitutional government will be
> underminded [sic] and eventually eroded completely."

*Id.* at 94, quoting *Cleveland ex rel. Neelon v. Locher*, 25 Ohio St.2d 49, 52, 266

N.E.2d 831 (1971).

{¶26} Third, in reaching its decision, the Supreme Court of Ohio drew no

distinctions between substantive versus procedural due process when it came to

strict compliance with a city charter in removing an official.

{¶27} Despite Appellants' arguments that the harmless error doctrine

applies and that Appellee must demonstrate prejudice in order to warrant reversal,

we are not inclined to hold that a city council's failure to comply with its charter to

the extent that its purported action has been rendered a nullity can be considered

harmless error. *See generally Button v. Button*, 2nd Dist. Montgomery No. 16122,

1997 WL 337666, * 7 (1997) (finding that where Button was entitled to notice and

an opportunity to be heard but denied those rights, any judgment rendered against

him was void, a nullity, and of no effect regardless of whether the judgment was

prejudicial). As set forth above, the purported removal of Appellee was completed

without the passage of either an ordinance or resolution requesting the county

prosecutor initiate the removal proceedings. The passage of an ordinance or

resolution was the very mechanism by which council is empowered to act under §4.09 of the city charter. Thus, the purported removal was void and of no effect, regardless of whether or not it was prejudicial to Appellee. *Id.* We simply find that the harmless error doctrine is inapplicable here, where council lacked authority to act by virtue of its failure to pass an ordinance, or at the very least a resolution. Such a procedural deficiency is more than just trivial or ministerial. Thus, we reject Appellants' argument that council's failure to pass a resolution authorizing the county prosecutor be requested to initiate Appellee's removal from council constituted harmless error.

{¶28} Accordingly, having found no merit in Appellants' first or second assignments of error, they are overruled.

## ASSIGNMENT OF ERROR III

{¶29} In their third assignment of error, Appellants' contend that even if the appointment procedure prejudiced Appellee, he waived his right to challenge the appointment of a special prosecutor. Appellants argue that Appellee failed to timely object to the procedural error at issue and thus waived his right to raise it on appeal. Appellants further argue that council appointed a special prosecutor on August 23, 2021, and that Appellee failed to object to the appointment procedure until the close of Appellants' case-in-chief, which occurred on September 2, 2021.

However, we find no merit in Appellants' argument that Appellee waived his right to challenge the appointment of the special prosecutor.

{¶30} Contrary to Appellants' representations to this Court, the record indicates that Appellee made two inquiries to the Athens County Prosecutor's Office, described by Appellee as public records requests, in an attempt to obtain information regarding the manner in which the county prosecutor was consulted and the manner in which the county prosecutor refused the request. The first request was made on August 20, 2021, and received no response. The second request was made on August 25, 2021, and resulted in the provision of a copy of a letter from the city manager, not city council, to the county prosecutor dated March 8, 2021, which was prior to the date the current removal proceedings were initiated. During the administrative hearing, only one witness was introduced on behalf of the charging party, Cory Taylor. During the cross-examination of the charging party's sole witness, Appellee's counsel repeatedly attempted to inquire into the process used to consult with the county prosecutor and eventually appoint the special prosecutor. The special prosecutor, however, objected to every question on the basis of attorney-client privilege and the objections were sustained by Mr. Dunfee. Despite this challenge, Appellee was able to establish through cross-examination that no resolution or ordinance was passed authorizing contact with the county prosecutor.

{¶31} In light of the foregoing, it appears from the record that Appellee preserved this issue for purposes of appeal to the common pleas court and the issue was further preserved at the common pleas level for purposes of appeal to this Court. Accordingly, because we conclude that Appellee did not waive his right to challenge the appointment of the special prosecutor, Appellants' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

{¶32} In their fourth assignment of error, Appellants contend that although the trial court did not expressly reverse the council's decision based on the sufficiency of the evidence, the trial court abused its discretion in providing a cursory evaluation of the evidence below. However, in light of our disposition of Appellants' first three assignments of error, any errors raised under this assignment of error have been rendered moot and we decline to address them.

## CONCLUSION

{¶33} Having found no merit to Appellants' first three assignments of error, and having found Appellants' fourth assignment of error moot, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J. concur in Judgment and Opinion.


For the Court,

_____

Jason P. Smith
Presiding Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**